UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

        Plaintiff,

Case No. 11-cv-15118

Paul D. Borman
United States District Judge

v.

Laurie J. Michelson
United States Magistrate Judge

ARGENT MORTGAGE COMPANY, LLC;
DEUTSCHE BANK NATIONAL TRUST
COMPANY ON BEHALF OF GS
MORTGAGE SECURITIES CORP. GSAA
HOME EQUITY TRUST 2005-10 ASSET-
BACKED CERTIFICATES, SERIES 2005-10,
TRENT THOMPSON and WALTER
THOMPSON,

        Defendants.
_____/

## OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT(DKT. NO. 38)

This matter is before the Court on Plaintiff's objection to Magistrate Judge Laurie J. Michelson's April 30, 2012 Order Denying Plaintiff's Motion to Amend Complaint. Having reviewed the Order and the Objection, the Court DENIES Plaintiff's Objection (Dkt. No. 40) and AFFIRMS the Magistrate Judge's Order (Dkt. No. 38).

**I.    BACKGROUND**

Magistrate Judge Michelson's Order adequately recites the factual background in this matter and the Court adopts those sections of the Order. (Dkt. No. 38, 1-2.)

1

## II. STANDARD OF REVIEW

A motion to amend the complaint is a nondispositive order. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. L.R. 7.1(e)(2). This Court's review of nondispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states in relevant part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."' *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. Mar.14, 1994) (Table). The "contrary to law" standard requires this Court to exercise "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* at 686 (internal citations and quotation marks omitted).

## III. ANALYSIS

Plaintiff's sole objection to the Magistrate Judge's Order relates to Plaintiff's motion to

amend his Complaint to add a claim under the Fair Credit Reporting Act ("FCRA"). Plaintiff objects to the Magistrate Judge's legal conclusion that there is no private right of action for disclosure violations under 15 U.S.C. § 1681m and her conclusion that therefore the proposed amendment is futile. Plaintiff argues that because the Sixth Circuit has not yet held that no private right action exists under § 1681m, Plaintiff has stated a valid cause action.

The Court concludes that Magistrate Judge Michelson's decision to follow courts in this District and other circuits in holding that no private right action exists under § 1681m, in the absence of binding Sixth Circuit or Supreme Court precedent holding otherwise, was not contrary to law. *See Tobler v. Equifax, et al.*, No. 08-cv-12610, 2009 WL 1491046, at *3 (E.D. Mich. May 27, 2009) (collecting cases holding that, based upon the express statutory language of the FCRA, no private right of action exists under section 1681m). *See also Bourdelais v. J.P. Morgan Chase*, No. 10-cv-670, 2011 WL 1306311, at *6 (E.D. Va. April 1, 2011) ("Virtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found it to be clear and unambiguous: the word "section" means "section," and thus no private right of action exists for violations of section 1681m in its entirety.") (collecting cases). The Magistrate Judge's decision does not "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F. Supp. at 686.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Objections to the Magistrate Judge's

---

[1] In view of the Court's ruling affirming the Magistrate Judge's decision that Plaintiff's motion to amend was futile because no private right of action exists under section 1681m, the Court need not address Plaintiff's second objection, i.e. that the Magistrate Judge improperly concluded that this claim was also barred by the applicable statute of limitations.

3

April 30, 2012 Order (Dkt. No. 40) and AFFIRMS the Magistrate Judge's April 30, 2012 Order Denying Plaintiff's Motion to Amend Complaint (Dkt. No. 38).

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-20-12