UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

        Plaintiff,                             Case No. 11-15118

                                                     Paul D. Borman
v.                                                    United States District Judge

ARGENT MORTGAGE COMPANY, LLC;
et al.,
        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; HEARING WILL BE HELD AS SCHEDULED ON THURSDAY, MAY 9, 2013 AT 2:00 P.M.

On April 25, 2013, Plaintiff sent a letter to the Court requesting appointment of counsel and an adjournment of the hearing on Defendants' motions for judgment on the pleadings scheduled to be heard on Thursday, May 9, 2013, at 2:00 p.m. (ECF No. 70.) For the reasons that follow, the Court DENIES Plaintiff's request for appointment of counsel DENIES Plaintiff's request to adjourn the May 9, 2013 hearing.

The decision whether to appoint counsel rests within the sound discretion of the district court. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (internal quotation marks and citations omitted). This mortgage/consumer lending case is not particularly complex and Plaintiff has already demonstrated his ability to respond to motions and to handle his case on his own behalf. The Court

concludes that exceptional circumstances justifying the appointment of counsel do not exist and therefore DENIES Plaintiff's request for appointment of counsel.[1]

Further, the Court DENIES Plaintiff's request to adjourn the hearing, scheduled for Thursday May 9, 2013, at 2:00 p.m., on Defendants' Motions for Judgment on the Pleadings (ECF Nos. 45, 51). Plaintiff has responded to both motions, which have been fully briefed since September, 2012. The motions were originally scheduled for hearing on December 5, 2012 and rescheduled by the Court on November 26, 2012, to the current May 9, 2013 date. The Court finds no just reason to adjourn the hearing date and the motions will be heard as scheduled on May 9, 2013 at 2:00 p.m.

IT IS SO ORDERED.

_____
Paul D. Borman
United States District Judge

Dated: 4/30/2013

---

[1] Plaintiff is free to attend the Law Day Program on Wednesday, May 1, 2013, as explained in the letter sent to Plaintiff on April 5, 2013, a copy of which is attached to Plaintiff's request for appointment of counsel. The Law Day Program, as explained in the letter that Plaintiff received, provides an opportunity for pro bono litigants to discuss their case with an attorney.