UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. WIGGINS,

       Plaintiff,

v.

ARGENT MORTGAGE COMPANY, LLC;
DEUTSCHE BANK NATIONAL TRUST
COMPANY ON BEHALF OF GS
MORTGAGE SECURITIES CORP. GSAA
HOME EQUITY TRUST 2005-10 ASSET-
BACKED CERTIFICATES, SERIES 2005-10,
TRENT THOMPSON and WALTER
THOMPSON,

       Defendants.

_____/

Case No. 11-cv-15118

Paul D. Borman
United States District Judge

Laurie J. Michelson
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 45, 51)

Before the Court are Defendant Argent Mortgage Company, LLC's ("Argent") Motion for

Judgment on the Pleadings (ECF No. 45) and Defendant Deutsche Bank National Trust Company

on Behalf of GS Mortgage Securities Corp. GSAA Home Equity Trust 2005-10 Asset-Backed

Certificates, Series 2005-10, Trent Thompson and Walter Thompson's (collectively "Deutsche

Bank") Motion for Judgment on the Pleadings (ECF No. 51). Plaintiff filed responses to both

motions (ECF Nos. 47 and 54) and Defendants filed replies (ECF Nos. 50 and 56). The Court held

a hearing on May 9, 2013. Plaintiff did not appear at the hearing.[1] For the reasons that follow, the

_____

[1] Plaintiff has represented himself since this action was removed to this Court on November 18,
2011, filing multiple motions, responding to motions, timely objecting to Magistrate Judge orders

1

Court GRANTS Defendants' motions.

**INTRODUCTION**

This case involves Plaintiff's allegation of fraud in the assignment of his mortgage from

Defendant Argent to Defendant Deutsche Bank.  The essence of Plaintiff's Complaint is that the

August 24, 2012 assignment of his mortgage from Argent to Deutsche Bank was invalid because

it was signed by an individual (Defendant Trent Thompson) who was without authorization to sign

documents on behalf of Argent at the time.  (ECF No. 1, Notice of Removal, Ex. A, Compl. ¶¶ 14-

18.)  Defendants respond that Plaintiff, a third party to the assignment, lacks standing to challenge

the assignment of the mortgage from Argent to Deutsche Bank, that Plaintiff has failed to plead any

fraud claims with sufficient particularity and that, in any event, Trent Thompson was authorized to

---

and timely filing a witness list.  Although thoroughly personally engaged in the litigation process, Plaintiff chose not to appear at the hearing on the motions to dismiss.  Instead, Plaintiff sent a newly retained attorney who attempted to file an appearance (an incomplete document) just two days before the hearing.  Neither Plaintiff nor his attorney filed a motion with the Court to adjourn the hearing in advance and the Court will not yield to Plaintiff's self-created predicament. Counsel's plea at the hearing that he needed more time to prepare as he had only recently been retained by his client will not carry the day.  Plaintiff has demonstrated an ability to represent himself throughout the pre-hearing process.  These motions have been fully briefed by both parties and scheduled for hearing for months.  Defense counsel were prepared, as was the Court.

Importantly, Plaintiff's counsel also informed the Court that Plaintiff, who as the Court noted has represented himself in this mortgage foreclosure action for the past two years, has in fact attended law school and is a real estate agent!  Plaintiff has had notice of these motions and this hearing date for months and prepared and filed responses to both.   Defendants, who have not received a mortgage payment from Plaintiff since January, 2008, are entitled to have this matter decided on the merits now.  The Court has been advised in the briefings.  The Court will not permit Plaintiff to string along the Defendants and the Court by failing to show up at the hearing and sending newly-retained counsel to seek a continuance.  This is why 28 U.S.C. § 1927 was added; to deal with attempts to unreasonably and vexatiously multiply proceedings.

execute the Assignment of Plaintiff's mortgage.[2]

## I.      BACKGROUND

On March 28, 2005, Plaintiff and his wife accepted a $418,000 loan ("the Loan") from Argent.  Plaintiff's obligation to repay the Loan is evidenced by a note ("the Note") that Plaintiff executed, which is secured by a mortgage ("the Mortgage") on property located at 54810 Walnut Drive, New Hudson, Michigan, 48165 ("the Property").  (ECF No. 51, Deutsche Bank's Mot. Ex. 1, Mortgage; Ex. 2, Note.)  The Loan is serviced by non-party Bank of America, N.A. ("BANA").  On August 24, 2010, Argent assigned the Mortgage to Deutsche Bank.  (Deutsche Bank's Mot. Ex. 3, Assignment.)  The Assignment was executed by Defendant Trent Thompson and notarized by Defendant Walter W. Thompson. (*Id*.)  Pursuant to Argent's April 25, 2007 Corporate Resolution, and BAC GP, LLC's August 7, 2009 Corporate Resolution, Trent Thompson, a former Countrywide Home Loans Vice-President, was authorized to execute documents on behalf of Argent.  (Deutsche Bank's Motion Ex. 4, "Signing Authority Documents".)

Plaintiff defaulted on his obligations under the Note and Mortgage and Deutsche Bank commenced foreclosure proceedings.  The Property was sold at a Sheriff's Sale on October 25, 2011 to Deutsche Bank, the highest bidder, for $622,723.95.  (Deutsche Bank's Mot. Ex. 5, Sheriff's Deed on Mortgage Sale.)  Deutsche Bank subsequently set aside the sale of the Property based upon an ex-parte Temporary Restraining Order that prevented the sale of the Property from taking place before November 3, 2011.  (Deutsche Bank's Mot. Ex. 6, Order Denying Ex Parte Relief and

---

[2] At the hearing on the Defendants' motions, Plaintiff's newly-retained counsel argued that Plaintiff has stated some non-specified "claim under Dodd Frank."  Counsel was not certain which section of Dodd Frank might serve as a basis for Plaintiff's claim but in any event, no "Dodd Frank" claim was pled in Plaintiff's Complaint, no "Dodd Frank" claim was even cited at the hearing, and no "Dodd Frank" claim is before the Court.

Postponing Sale.)

On October 7, 2011, Plaintiff commenced this action in Oakland County Circuit Court. (Deutsche Bank's Mot. Ex. 7, Complaint.)  On November 18, 2011, Defendants removed the action to this Court.  (ECF No. 1, Notice of Removal.)  On December 22, 2011 and January 26, 2012, this Court entered a Stipulated Order (ECF No. 15) and an Amended Stipulated Order (ECF No. 17), setting aside the Sheriff's Deed.  Plaintiff has lived in the home without making a payment on his mortgage since December 24, 2008.

On February 16, 2011, Plaintiff filed a motion for leave to amend his Complaint which this Court denied.  (ECF Nos. 38, 49.)  Plaintiff's only claims are those stated in his Complaint for Conspiracy (Count I), Fraud (Count II) and Injunctive Relief (Count III).  The gist of all three Counts is that Trent Thompson was not authorized to execute the Assignment of Plaintiff's Mortgage from Argent to Deutsche Bank.

## II.   STANDARD OF REVIEW

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).  The Sixth Circuit has defined the pleading requirements necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 1964-65 (internal citations omitted).  In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id*. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id*. (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc*., 526 F.3d at 295-96 (footnote omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting *Sensations,* 526 F.3d at 295 (6th Cir. 2008)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not  suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at

555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims and (2) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings.

*QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).  "Otherwise, a

plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach

a dispositive document."  *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

### III.    ANALYSIS

#### A.    Plaintiff Lacks Standing to Challenge the Assignment of His Mortgage

Plaintiff's entire Complaint rests upon his allegation that the assignment of his Mortgage

from Argent to Deutsche Bank was invalid because Trent Thompson had no authority to execute the

Assignment on behalf of Argent.  Both Argent and Deutsche Bank assert that Trent Thompson was

in fact authorized to execute the assignment and provide what they characterize as "Signing

Authorization Documentation" to support this fact.  More fundamentally, however, they argue that

Plaintiff has no standing to challenge the assignment regardless of the scope of Thompson's

authority.  Relying on *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings,*

*LLC*, 399 F. App'x 97 (6th Cir. 2010), cert. denied, ⸺ U.S. ⸺⸺, 131 S.Ct. 1696 (2011), Argent

and Deutsche Bank argue that Plaintiff has no standing, as a third party to the assignment from

Argent to Deutsche Bank, to bring a claim challenging the validity of an assignment, which the

parties to the assignment themselves have affirmed.  In *Livonia Properties*, the Sixth Circuit

recognized that an obligor may assert certain defenses which may render an assignment void, but

that these defenses exist to protect the obligor from a potential double liability:

> [T]here is ample authority to support the proposition that a litigant who is not a party
> to an assignment lacks standing to challenge that assignment. An obligor "may assert
> as a defense any matter which renders the assignment absolutely invalid or
> ineffective, or void." 6A C.J.S. Assignments § 132 (2010). These defenses include
> nonassignability of the instrument, assignee's lack of title, and a prior revocation of
> the assignment, none of which are available in the current matter. *Id*. Obligors have
> standing to raise these claims because they cannot otherwise protect themselves from
> having to pay the same debt twice. *Id*. In this case, Livonia is not at risk of paying

the debt twice, because Farmington has established that it holds the original note. Farmington has produced ample documentation that it was in possession of the note and had been assigned all rights therein prior to the initiation of foreclosure proceedings. The district court reviewed the copies in exhibits and the originals produced by Farmington and was satisfied that they were authentic. Without a genuine claim that Farmington is not the rightful owner of the loan and that Livonia might therefore be subject to double liability on its debt, Livonia cannot credibly claim to have standing to challenge the First Assignment.

399 F. App'x at 102. *See also Conlin v. Mortg. Elec. Reg. Systems, Inc.*, __F.3d__, 2013 WL 1442263, at *3-4 (6th Cir. 2013) (noting that under *Livonia Properties* a third party can only challenge an assignment of mortgage on a showing of prejudice, i.e. that they face the potential for double liability if the assignment stands); *Smith v. Litton Loan Servicing, LP*, No. 12-1684, 2013 WL 888452, at *3 (6th Cir. March 12, 2013) (unpublished) (noting that the purpose of allowing an obligor certain defenses in *Livonia* was to avoid the risk of having to pay the same debt twice and finding that although "the record in this case is not as clear as in *Livonia* that the foreclosing entity owns the note, Smith has not put forth any evidence showing a genuine risk of having to pay the same debt twice," and concluding that plaintiff could not mount a third party challenge the assignment); *Yuille v. American Home Mortg. Services, Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) ("Defendants presented evidence that MERS assigned the mortgage to Deutsche, as trustee for the GSR Trust. We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, *Long v. City of Monroe*, 265 Mich. 425, 251 N.W. 582, 587 (1933), and that Yuille, as a stranger to the assignment, lacked standing to challenge its validity, *see Bowles v. Oakman*, 246 Mich. 674, 225 N.W. 613, 614 (1929); 6A C.J.S. Assignments § 132.")          Several courts in this District have applied *Livonia Properties* to conclude that the mortgagor had no standing to challenge the assignment of his mortgage. *See, e.g., Fortson v.*

8

*Federal Home Loan Mortg. Corp.*, No. 12-10043, 2012 WL 1183692, at \*4 (E.D. Mich. April 9,

2012) (relying on *Livonia Properties* and finding that where Wells Fargo produced documentation

that it had been assigned all rights in the loan, plaintiff could not claim that he was subject to double

liability on the debt and therefore had no standing to challenge the assignment); *Kapila v. Bank of*

*New York Mellon*, No. 12-12858, 2012 WL 4450816, at \*2 (E.D. Mich. Sept. 25, 2012) (holding that

"because Plaintiff does not and cannot allege that he is at risk of paying the same Mortgage Loan

debt twice, he cannot raise a defense that would render the challenged assignment invalid,

ineffective, or void");  *Stack v. BAC Home Loans Servicing, LP*, No. 11-13746, 2012 WL 3779186,

at \*5 (E.D. Mich. Aug. 31, 2012) (holding that "Plaintiffs, who were not parties to the assignment,

lack standing to challenge the validity of the assignment between MERS and BANA" where "no

viable claim has been advanced that Plaintiffs might be subject to double liability on this debt");

*Tate v. BAC Home Loan Servicing, LP*, No. 10-13257, 2011 WL 3957554, at \*4-5 (E.D. Mich. Aug.

5, 2011) (Hluchaniuk, M.J.) (finding that borrowers, as third parties to the assignment of their

mortgage, had no standing to assert a claim that the assignor lacked signing authority or to challenge

in any way the alleged invalidity of the assignment).

      In *Keyes v. Deutsche Bank Nat. Trust Co.*, \_\_F. Supp. 2d\_\_, 2013 WL 440191 (E.D. Mich.

2013), the court distinguished *Livonia Properties* and rejected defendant's claim that plaintiff lacked

standing to challenge the assignment, finding that the potential for double liability did exist in that

case:

> The Michigan Supreme Court's ruling in *Residential Funding Co., LLC v. Saurman*,
> 490 Mich. 909, 805 N.W.2d 183 (2011), made it clear that a party holding a
> mortgage is authorized to foreclose by advertisement even where that party does not
> also hold an interest in the note. The assurance that the court had in Livonia that the
> plaintiffs would not be subject to double liability on their debt is therefore not
> necessarily present in all cases. In cases where the foreclosing party was not the

holder of the note but only a holder of the mortgage, a plaintiff might have "a genuine claim ... that [he or she] might therefore be subject to double liability on [his or her] debt." *Livonia Properties*, 399 F. App'x at 102. In such a situation, a plaintiff is able to assert a challenge to the assignment that would render it invalid, ineffective, or void.

In this case, the plaintiffs argue that they should be permitted to challenge the assignment because the assignment was invalid for various reasons. The complaint supports the concern that the plaintiffs might be subject to double liability because the mortgage and note have been assigned to different parties. The plaintiffs allege in their complaint that the note was sold to a trust, and that the mortgage was assigned to defendant Deutsche Bank as trustee for that trust. However, the foreclosure process was initiated, although not completed, by defendant Bank of America. In order to complete the foreclosure, the mortgage would have to be assigned to Bank of America. The note would then be in the hands of the Trust and the mortgage in the hands of Bank of America. In such a situation, the plaintiffs will be permitted to challenge the validity of the assignment.

*Id.* at *5-6.

In the instant case, Plaintiff alleges no facts that indicate that the assignment may in some way subject Plaintiff to double liability. The Mortgage was assigned to Deutsche Bank and Deutsche Bank commenced foreclosure proceedings. There is no suggestion that Argent continued to attempt to collect the debt or could continue to do so. *See Liponoga v. American Home Mortg. Servicing, Inc.*, No. 12-12829, 2012 WL 6096579, at *3 (E.D. Mich. Dec. 7, 2012) (noting that exceptions to the rule that a third party cannot challenge an assignment exist where plaintiff faces the threat of double liability but finding that plaintiff's pleadings did not invoke such an exception and finding no risk of double liability on the underlying debt).[3]

---

[3] Not unimportantly, Plaintiff actively reaffirmed his obligations under the Note and Mortgage, and specifically acknowledged that Deutsche Bank, pursuant to the Assignment dated August 24, 2012, continued to enjoy the rights, benefits and privileges set forth in the Mortgage and Assignment. (ECF Nos. 15, 17, Stipulated Order and Amended Stipulated Order Setting Aside Sheriff's Deed.) Plaintiff offers no basis for rejecting now the validity of the Assignment that he reaffirmed, when it served his purposes to do so, in the Stipulated Order to set aside the sheriff's deed.

Accordingly, the Court concludes that Plaintiff lacks standing to challenge the assignment of his mortgage from Argent to Deutsche Bank.  Because this claim lies at the heart of each of Plaintiff's claims in his Complaint, the Court GRANTS Argent's and Deutsche Bank's motions to dismiss.

> **B.**    **Even Assuming Plaintiff Had Standing to Challenge the Assignment, Which Clearly He Does Not, Plaintiff Has Failed to Plead Claims of Fraud and Conspiracy With Sufficient Particularity and Has Failed to Establish Any Entitlement to Injunctive Relief**

Plaintiff argues that the assignment of his Mortgage under Thompson's signature constituted civil conspiracy, fraud and entitles him to injunctive relief.  Plaintiff concedes that his civil conspiracy claim is dependent upon his proof of an underlying, separate actionable tort.  (ECF No. 54, p. 10) (citing *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (2003)).   A claim of fraud under Michigan law requires the following elements: (1) that the defendant made a misrepresentation; (2) that it was false; (3) that defendant knew at the time of making the statement that it was false or was reckless with regard to knowledge of the truth; (4) that defendant made it with the intention that plaintiff would rely on it; (5) that plaintiff did rely and act on the misrepresentation; and (6) that plaintiff suffered injury as a result.  *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976).  The failure to allege and establish each element independently defeats a claim of fraud.  *Id*.

Under Fed. R. Civ. P. 9(b), each of these elements must be alleged with sufficient particularity.  The allegations must "at a minimum allege the time, place and contents of the representation upon which he relied."  *Bender v. Southland Corp*., 749 F.2d 1205, 1216 (6th Cir. 1984).  Plaintiff's civil conspiracy claim, depending as it does upon the sufficiency of Plaintiff's allegations as to the underlying tort, i.e. fraud, fails to the same extent that Plaintiff's fraud claim

fails to state a claim for relief. *See Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 875 (E.D. Mich. 2010) ("Plaintiff has failed to establish the underlying tort of fraud; therefore, the civil conspiracy claim also fails.")  Finally, Plaintiff's claim for injunctive relief cannot stand alone if the underlying fraud and civil conspiracy claims fail. *See Tann v. Chase Home Fin., L.L.C.*, No. 10-14696, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011) ("[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.").  In any event, his claim for injunctive relief appears moot in light of the Stipulated Order setting aside the Sheriff's Deed.

Plaintiff's fraud allegations state that Defendants knew or should have known that Trent Thompson was not authorized to assign mortgages for Argent and that Defendants used the Assignment of Mortgage to institute foreclosure proceedings against Plaintiff. (Compl. ¶¶ 21-23.) Plaintiff's allegations do not even recite the necessary elements of a claim of fraud and fall far short of even the most basic pleading requirements to state a claim.  The allegations lack any of the particularity required by Rule 9(b).  The allegations lump all of the Defendants together, do not identify the time, the place or the individual who made the alleged representation, alleging instead that "the recordation of the Assignment of Mortgage constituted a representation to the world" that it was valid. (Compl. ¶ 22.)  The Plaintiff does not plead specific information about why any alleged statements were false, the fraudulent intent behind any alleged representation, the intent that Plaintiff rely or that Plaintiff did in fact rely on any alleged representation.  "The Plaintiff cannot state a fraud claim upon which relief can be granted without satisfying the pleading requirements for fraud." *Tann*, 2011 WL 3799841, at *9.  Plaintiff has failed to plead fraud with sufficient particularity and therefore necessarily fails to plead a claim for conspiracy or injunctive relief.

## IV.    CONCLUSION

The Court concludes that Plaintiff has not pled facts to indicate that he would be subject to double liability on his mortgage debt and there is no evidence that he could be subject to double liability.  Plaintiff therefore lacks standing to challenge the Assignment of his mortgage from Argent to Deutsche Bank.  For this reason alone, the Court GRANTS Defendants Argent's and Deutsche Bank's motions. (ECF Nos. 45, 51.)

Additionally, the Court concludes that Plaintiff has failed to plead fraud and/or conspiracy with the particularity required under Rule 9(b) and has no basis to claim entitlement to injunctive relief and GRANTS Defendants' motions for this separate and independent reason.

Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated:  May 14, 2013

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2013.

s/Deborah R. Tofil
Deborah R. Tofil
Case Manager (313)234-5122

13